Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY BENSON, IV, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| GATESTONE & CO. INTERNATIONAL INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

HENRY BENSON, IV
607 Weymouth Road
Browns Mills, New Jersey 08015

GATESTONE & CO. INTERNATIONAL INC.
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801

### PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and

through his attorneys, alleges that the Defendant, GATESTONE & CO. INTERNATIONAL

INC. ("GATESTONE") and JOHN DOES 1-25 their employees, agents and successors

(collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      GATESTONE maintains a location at 1000 N. West Street, Suite 1200, Wilmington, Delaware 19801.

8.      GATESTONE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      GATESTONE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from GATESTONE, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least thirty (30) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRPC Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.    Whether the Defendants violated various provisions of the FDCPA;

    ii.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained

experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of

this class action.

15.    A Class Action will permit large numbers of similarly situated persons to

prosecute their common claims in a single forum simultaneously and without the duplication of

effort and expense that numerous individual actions would engender.  Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not

otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class

Action, class members will continue to suffer losses of statutory protected rights as well as

damages.

16.    Defendant(s) have acted on grounds generally applicable to the entire Class,

thereby making appropriate final relief with respect to the Class as a whole.

### STATEMENT OF FACTS

17.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15

U.S.C. § 1692a(3).

18.    At some time prior to April 19, 2018, Plaintiff allegedly incurred a financial

obligation to AMERICAN EXPRESS ("AMERICAN EXPRESS").

19.    The AMERICAN EXPRESS obligation arose out of a transaction, in which

money, property, insurance or services, which are the subject of the transaction, are primarily for

personal, family or household purposes.

20.    Plaintiff incurred the AMERICAN EXPRESS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.    The AMERICAN EXPRESS obligation did not arise out of a transaction that was for non-personal use.

22.    The AMERICAN EXPRESS obligation did not arise out of a transaction that was for business use.

23.    The AMERICAN EXPRESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.    AMERICAN EXPRESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.    On or before April 19, 2018, the AMERICAN EXPRESS obligation was referred to GATESTONE for the purpose of collection.

26.    At the time the AMERICAN EXPRESS obligation was referred to GATESTONE the AMERICAN EXPRESS obligation was past due.

27.    At the time the AMERICAN EXPRESS obligation was referred to GATESTONE the AMERICAN EXPRESS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28.    Defendants caused to be delivered to Plaintiff a letter dated April 19, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29.    The April 19, 2018 letter was sent to Plaintiff in connection with the collection of the AMERICAN EXPRESS obligation.

30.    The April 19, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20.     Plaintiff incurred the AMERICAN EXPRESS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The AMERICAN EXPRESS obligation did not arise out of a transaction that was for non-personal use.

22.     The AMERICAN EXPRESS obligation did not arise out of a transaction that was for business use.

23.     The AMERICAN EXPRESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     AMERICAN EXPRESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before April 19, 2018, the AMERICAN EXPRESS obligation was referred to GATESTONE for the purpose of collection.

26.     At the time the AMERICAN EXPRESS obligation was referred to GATESTONE the AMERICAN EXPRESS obligation was past due.

27.     At the time the AMERICAN EXPRESS obligation was referred to GATESTONE the AMERICAN EXPRESS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28.     Defendants caused to be delivered to Plaintiff a letter dated April 19, 2018, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29.     The April 19, 2018 letter was sent to Plaintiff in connection with the collection of the AMERICAN EXPRESS obligation.

30.     The April 19, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     Upon receipt, Plaintiff read the April 19, 2018 letter.

32.     The April 19, 2018 letter provided the following information regarding the balance claimed due on the AMERICAN EXPRESS obligation:

Total Balance Due:          $741.52

33.     The April 19, 2018 letter stated in part:

> As of the date of this letter, you owe $741.52. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment.

34.     Defendant caused to be delivered to Plaintiff a letter dated April 28, 2018, which was addressed to Plaintiff. **Exhibit B,** which is fully incorporated herein by reference.

35.     The April 28, 2018 letter was sent to Plaintiff in connection with the collection of the AMERICAN EXPRESS obligation.

36.     The April 28, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

37.     Upon receipt, Plaintiff read the April 28, 2018 letter.

38.     The April 28, 2018 letter provided the following information regarding the balance claimed due on the AMERICAN EXPRESS obligation:

Amount Owing:          $741.52

39.     The April 28, 2018 letter stated in part:

> As of the date of this letter, you owe $$741.52. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment.

40.    GATESTONE did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

41.    The total balance alleged to be due on the AMERICAN EXPRESS obligation did not increase "because of interest, late charges, and other charges that may vary from day to day."

42.    AMERICAN EXPRESS never authorized GATESTONE to charge or add interest to the balance of the AMERICAN EXPRESS obligation.

43.    AMERICAN EXPRESS never authorized GATESTONE to add interest, late charges and other charges to the balance of the AMERICAN EXPRESS obligation.

44.    As some time prior to April 19, 2018, AMERICAN EXPRESS ceased charging or adding interest to the balance of the AMERICAN EXPRESS obligation.

45.    As some time prior to April 19, 2018, AMERICAN EXPRESS ceased adding interest, late charges and other charges to the balance of the AMERICAN EXPRESS obligation.

46.    GATESTONE knew or should have known that its actions violated the FDCPA.

47.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and Exhibit B**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)     Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d)     Making a false representation of the character, amount legal status of the debt.

49.     Defendants have sent written communications in the form annexed hereto as **Exhibit A and Exhibit B,** to at least 30 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

50.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional interest, late charges and other charges.

53.     Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

54.     Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the AMERICAN EXPRESS obligation would increase.

55.     Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the AMERICAN EXPRESS obligation would increase due to interest, late charges and other charges.

56.     Defendant's letters would cause the least sophisticated consumer to believe that the balance of the AMERICAN EXPRESS obligation could increase.

57.    Defendant's letters would cause the least sophisticated consumer to believe that the balance of the AMERICAN EXPRESS obligation could increase due to interest, late charges and other charges.

58.    Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the AMERICAN EXPRESS obligation could increase due to interest, late charges and other charges.

59.    Defendants' representation that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e;

§ 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq.*

60.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

61.    Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

62.    Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest, late charges and other charges.

63.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

64.    15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

65.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

66.    Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges and other charges.

67.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest, late charges and other charges.

68.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest, late charges and other charges.

69.    15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

70.    Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

71.    Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest, late charges and other charges when in fact the amount due would not and did not increase.

72.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73.    Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

74.    15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

75.      Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase.

76.      Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

77.      Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

78.      Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

79.      Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

80.      Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

81.      Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

82.      Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: June 21, 2018                            Respectfully submitted,

                                                By:     */s/ Ben A. Kaplan*
                                                        Ben A. Kaplan, Esq. (NJ 0337712008)
                                                        CHULSKY KAPLAN, LLC
                                                        280 Prospect Avenue, 6G
                                                        Hackensack, New Jersey 07601
                                                        Phone (877) 827-3395 ex 102
                                                        Cell Phone: (201) 803-6611
                                                        Fax: (877) 827-3394; (866) 596-4973
                                                        ben@chulskykaplanlaw.com
                                                        Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: June 21, 2018

                                                */s/ Ben A. Kaplan*
                                                Ben A. Kaplan, Esq. (NJ 0337712008)
                                                CHULSKY KAPLAN, LLC
                                                280 Prospect Avenue, 6G
                                                Hackensack, New Jersey 07601
                                                Phone (877) 827-3395 ex 102
                                                Cell Phone: (201) 803-6611
                                                Fax: (877) 827-3394; (866) 596-4973
                                                ben@chulskykaplanlaw.com
                                                Attorneys for Plaintiff

# EXHIBIT A

1000 N. West Street
Suite 1200
Wilmington, DE 19801



Visit our website: www.gatestoneco.com
800-678-3052
Our hours of operation are
Mon – Fri 8:00am to 5:00pm EST



2751

HENRY BENSON IV
607 WEYMOUTH RD
BROWNS MILLS NJ 08015-3747



April 19, 2018

### Payment Plans Available!  Please Call Us at (866) 206-7637

Total Balance Due:  $741.52

Dear HENRY BENSON IV,

As you know, your account has been referred to us for collection with a total balance of $741.52.  As we work with you to resolve the balance on your account, we also understand that when challenging times arise they can cause financial stress and hardship.  This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

We are writing today to let you know that multiple payment plans are available for you. As an example, American Express® may qualify you for a plan that can:

- Temporarily lower your interest rate, if applicable
- Temporarily provide relief from late payment fees
- Prevent this account from going further past due

To assist you, we must hear from you. Please call us at (866) 206-7637. We are available to assist you Monday to Friday from 8am to 5pm EST.  You may also log into our website at www.gatestoneco.com.

As of the date of this letter, you owe $741.52. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment.  For further information, write the undersigned or call (866) 206-7637.

Sincerely,
MR. LEN MANGOS

T1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please Detach and Return This Portion with Payment

Option 1: Make Check Payable to: Gatestone & Co. International Inc.
Option 2: Pre-Authorized — Auto Pay [  ]
Routing No.
Name of Bank
Check No.
Account No.
Name of Account Holder
Signature
Payment Amount $

HENRY BENSON IV
607 WEYMOUTH RD
BROWNS MILLS, NJ 08015

Reference # x           0157
Company:  Gatestone & Co. International Inc. (Loc. 71)

By mailing your check you authorize Gatestone & Co. International Inc.
to debit your account, one time for the amount of the check, via an
electronic fund transfer (EFT). Funds may be withdrawn from your account
as soon as the same day payment is received. In the event your check is
returned unpaid for insufficient or uncollected funds, we may re-present
your check. Your check will not be returned by your financial institution.

Gatestone & Co. International Inc.
1000 N. West Street, Suite 1200
Wilmington, DE 19801

2751

# EXHIBIT B

1000 N. West Street
Suite 1200
Wilmington, DE 19801

 GATESTONE

 5109

HENRY BENSON IV
PO BOX 620
BROWNS MILLS NJ 08015-0620





Date: April 28, 2018
Account #: **********02002
Amount Owing: $741.52

**Opportunity to Regain Card Member**
**Call for Details**

Dear HENRY BENSON IV,

American Express has authorized us to make you a special offer. American Express values your previous relationship and would like to offer you the opportunity to regain Card Membership. You have been selected to receive an Optima Card application if you pay your balance in full on the American Express® account referenced above.

After you pay your balance in full, American Express will send you an application for the new Optima Card. Your application will be approved by American Express unless:

- You have an active bankruptcy at the time of your application.
- You have accepted another offer for an Optima Card account from a different agency or from American Express.
- You have an active American Express account.
- American Express determines that you do not have the financial capacity to make the minimum payment on this new Optima Card account.

If you'd like to know more about this offer, please call us at (866) 206-7637 or log into our website at www.gatestoneco.com. We are available to assist you Monday to Friday 8am to 5pm EST.

Act now and call us today to make payment arrangements on your account.

As of the date of this letter, you owe $$741.52 . Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. For further information, write the undersigned or call (866) 206-7637.

Sincerely,

Gatestone & Co. International Inc.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose

See Reverse for important information

T4

5109

American Express Pricing and Terms
Annual fee: $49

APR for purchases: Prime Rate + 14.99%. This APR varies with the market based on the Prime Rate.
Penalty APR: Prime Rate + 25.99%. This APR varies with the market based on the Prime Rate but will not exceed 29.99%. This APR will apply to your account if you make one or more late payments or make a payment that is returned unpaid. American Express may also consider your creditworthiness when applying the Penalty APR to your account.

The funds must clear your bank prior to an application being mailed. This offer is no longer valid if one or more accounts are sent to a collections agency after the date of this letter.

American Express may change the terms of, or add new terms to, the Cardmember Agreement at any time, subject to applicable law. American Express may apply any changed or new terms to any existing and future balances on your Account, subject to applicable law. This account is not eligible for Cash Advances or Balance Transfers. This account is not eligible for upgrading or transferring to a different American Express Card.

JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| HENRY BENSON IV | GATESTONE & CO. INTERNATIONAL INC. AND JOHN DOES 1-25 |

**(b)** County of Residence of First Listed Plaintiff   **BURLINGTON COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

❏ 2   U.S. Government
Defendant

❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

❏ 2   Removed from
State Court

❏ 3   Remanded from
Appellate Court

❏ 4   Reinstated or
Reopened

❏ 5   Transferred from
Another District
*(specify)*

❏ 6   Multidistrict
Litigation -
Transfer

❏ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. 1692
Brief description of cause:
FDCPA violation

## VII. REQUESTED IN COMPLAINT:

☒   CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/21/2018 | /s/ Ben Kaplan |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____